## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBIN NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHOU YONGBANG BIOTECHNOLOGY CO. LTD. d/b/a GOIPLE; SHOPVIDI; INC.; GEORGIA ATLANTA BEAUTY SUPPLY ASSOCIATION; KAVEE TRADING LLC; OASISUSA, INC.; RICHARD CHON; and GG10, INC., <br><br> Defendants. | Civil Action No. |

## COMPLAINT WITH JURY DEMAND

Plaintiff EBIN New York, Inc. ("EBIN" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Defendants Guangzhou Yongbang Biotechnology Co. Ltd., d/b/a GOIPLE ("GOIPLE"), ShopVidi, Inc. ("ShopVidi"), Georgia Atlanta Beauty Supply Association ("GABSA"), Kavee Trading LLC ("Kavee"), OasisUSA, Inc. ("OasisUSA"), Richard Chon ("Mr. Chon") and GG10, Inc. ("GG10") (ShopVidi, GABSA, Kavee, Oasis, and GG10 are collectively referred to as "Reseller Defendants," and with GOIPLE they are collectively referred to as "Defendants") as set forth below:

121596439.2

## NATURE OF THE ACTION

1.     EBIN is a provider of hair and wig care products that has quickly become a leader in its class. Its products dominate the sales charts for many of the markets that it has entered. EBIN offers its products in a variety of stylized packages and in connection with various trademarks across its product lines that consumers now use to associate the products with EBIN.

2.     GOIPLE is a provider of hair and wig care products that is a direct competitor of EBIN. GOIPLE operates in the same product space, marketing channels, and stores as EBIN, and targets the same customers with the same goods. GOIPLE has realized the overwhelming success of EBIN's products and has just released a new product line with new packaging that is confusingly similar to the packaging offered by EBIN for the corresponding product line. It has also released advertisements that not only use EBIN's federally registered trademarks, but are a copy of advertisements that EBIN has released, featuring the same model and substantially similar text.

3.     GOIPLE sells its infringing products direct to customers online, and through various distribution networks including a variety of direct retailers, distributors and/or wholesalers.

4.     EBIN is experiencing significant harm from GOIPLE's new product release, and now brings this action asserting claims for (1) infringement of registered trademarks under the Lanham Act (15 U.S.C. § 1114);  (2) infringement of unregistered trademarks under the Lanham Act (15 U.S.C. § 1125(a)); (3) infringement of unregistered trade dress under the Lanham Act (15 U.S.C. § 1125(a)); (4) federal unfair competition and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a); (5) New Jersey statutory trademark infringement N.J.S.A. 56:3-13.16.a for infringement of EBIN's trademarks;  (5) New Jersey statutory trademark infringement N.J.S.A. 56:3-13.16.a for infringement of EBIN's trade dress;  (7) New Jersey common law trademark infringement and unfair competition; and (8) New Jersey common law trade dress infringement and unfair competition.

## THE PARTIES

5.     Plaintiff EBIN is a corporation existing under the laws of New Jersey, having a principal place of business at 5 Empire Blvd., South Hackensack, New Jersey 07606.

6.     On information and belief, GOIPLE is a corporation existing under the laws of China, having a principal place of business at Room 203, Building C, No. 4

Siheng Road, Hebian Hetai Road, Helong Street, Baiyun District, Guangzhou China 510000.

7.     On information and belief, Defendant ShopVidi, Inc., is a Delaware corporation with its principal place of business in Doraville, Georgia.

8.     On information and belief, Defendant Georgia Atlanta Beauty Supply Association is a Georgia domestic non-profit corporation with its principal place of business in Doraville, Georgia.

9.     On information and belief, Defendant Kavee Trading LLC is a domestic Georgia limited liability company with its principal place of business in Duluth, Georgia.

10.     On information and belief, Defendant OasisUSA, Inc. is a Georgia corporation with its principal place of business in Suwanee, GA.

11.     On information and belief, Defendant Richard Chon is an individual and resident of Suwanee, Georgia, who operates under the business name "GOLDSTAR JS." GOLDSTAR JS SALES, INC. was formerly a Georgia corporation but was administratively dissolved on October 28, 2022.

12.     On information and belief, Defendant GG10, Inc. is a New Jersey corporation with its principal place of business in Ridgefield, NJ.

## **JURISDICTION AND VENUE**

13.     Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original subject matter jurisdiction over this action because the action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 et seq.

14.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental subject matter jurisdiction over EBIN's pendent state law claims because these claims are so related to EBIN's federal claims that they form part of the same case or controversy and derive from the same common nucleus of operative facts.

15.     On information and belief, venue is appropriate in this district as this is a district where much of the complained of activities occurred, one of the Defendants is a resident of this district, EBIN is a resident of this district, and as a foreign entity, GOIPLE may be sued in any state pursuant to 28 U.S.C. § 1391.

16.     On information and belief, GOIPLE conducts continuous and systematic business in this forum in such a manner as to invoke the benefits and protections of its laws, and subject itself to general personal jurisdiction in this forum.

17.     This Court has specific personal jurisdiction over GOIPLE because GOIPLE has purposefully directed its actions into the State of New Jersey.

18.    On information and belief, GOIPLE specifically sells goods to retailers within this state with the intent that its goods be sold to residents in this state.

19.    On information and belief, this court has specific personal jurisdiction over the Reseller Defendants because ShopVidi, GABSA, Kavee, Mr. Chon, GG10, and Oasis all purposefully direct sales and/or promotional activities, including shipping infringing products, and distributing advertisements, to customers within this district.

## FACTUAL BACKGROUND

## EBIN's Intellectual Property

20.    EBIN manufactures a wide variety of hair care and wig care products, several of which are targeted primarily at the African-American female community.

21.    EBIN's products, while generally of a low cost, often under $10 per unit, are of a superior quality to those of its direct competitors.

22.    EBIN offers its products in a variety of unique and stylized packaging.

23.    EBIN also offers its products in connection with a number of federally registered trademarks.

24.    One of EBIN's most successful product lines is its WONDER LACE BOND line gels, adhesives, and sprays.

25.    The WONDER LACE BOND gels, adhesives, and sprays are used to adhere lace front wigs to the scalp of those who wear the wigs to ensure that the wigs do not move during ordinary use.

26.    A highly popular version of the WONDER LACE BOND gel is sold in stylized packaging consisting of a white bottle with a black label with gold and white text on the label. The bottle has a black pull-to-open top that is resealable.

27.    A highly popular version of the WONDER LACE BOND adhesive is sold in stylized packaging consisting of a white bottle with a black label with gold and white text on the label. The cap of the bottle is gold and screw-off.

28.    A highly popular version of the WONDER LACE BOND spray is sold in stylized packaging consisting of a black label with gold and white text.

29.    Each of EBIN's products has its own individual, valid, and unique trade dress as described above, but for the purpose of this complaint, these products are collectively referred to as "EBIN's Trade Dress." Pictures of samples of products featuring EBIN's Trade Dress are reproduced below.




**EBIN's gel (left) adhesive (center) spray (right) Collectively, "EBIN's Trade Dress"**

30.     This unique combination of features that are identified as EBIN's Trade Dress are not functional, as they do not impact the cost or quality of EBIN's products, and EBIN's exclusive use of said packaging does not place its competitors at a significant non-reputational disadvantage.

121596439.2

-8-

31.    EBIN's Trade Dress, which EBIN was the exclusive user of, particularly in the wig bond space, is inherently distinctive, and has come to acquire significant secondary meaning in the minds of consumers who now use this unique trade dress to identify products produced by EBIN.

32.    Products that bear EBIN's Trade Dress have been a resounding commercial success, selling a commercially significant number of units compared to their peers since their launch in March 2021.

33.    EBIN's sales of the WONDER LACE BOND gel, adhesive, and spray in EBIN's Trade Dress are considered significant and highly successful by any industry standard.

34.    This significant commercial success demonstrates the significant secondary meaning that EBIN has acquired in EBIN's Trade Dress.

35.    EBIN's Trade Dress is arbitrary as it is used in connection with wig bond gels, adhesives, and sprays, and is therefore conceptually strong.

36.    Given the significant sales of products that feature EBIN's Trade Dress, the trade dress is commercially strong as well.

37.    EBIN's Trade Dress is valid and subsisting.

38.     EBIN also owns a number of federally registered trademarks for hair and wig care products. Among those trademarks are federal registrations for its 24 HOUR EDGE TAMER trademark.

39.     The first registration, United States Trademark Registration No. 4958982 (the "'982 Registration"), is for 24 HOUR EDGE TAMER as a standard character mark for "Hair care preparations; Hair pomades; Hair styling preparations; Pomades" in International Class 3. The '982 Registration was filed on August 24, 2015, issued as a registration on May 17, 2016, and claims a first use in commerce date at least as early as July 1, 2015. The '982 Registration is now incontestable. A copy of the '982 Registration certificate is attached as Exhibit A.

40.     The second registration, United States Trademark Registration No. 6895302 (the "'302 Registration"), is for 24 HOUR EDGE TAMER and Design as a design mark for "Hair care preparations; Hair pomades; Hair styling preparations; Pomades" in International Class 3. The '302 Registration was filed on April 12, 2022, issued as a registration on November 8, 2022, and claims a first use in commerce date at least as early as July 1, 2015. A copy of the '302 Registration certificate is attached as Exhibit B. The '982 and '302 Registrations are collectively referred to hereinafter as "EBIN's Trademark Registrations."



**24 HOUR EDGE TAMER AND DESIGN Mark That is the Subject of the '302 Registration**

41.     EBIN's Trademark Registrations are valid and subsisting.

42.     The subject marks of EBIN's Trademark Registrations are suggestive when used in connection with the advertising and sale of goods identified in the registrations.

43.     EBIN offers its products in connection with EBIN's Trademark Registrations to the same customers and through the same marketing channels, and at generally the same price points as it offers its products in connection with EBIN's Trade Dress.

44.     Products that EBIN offers in connection with the subject marks of EBIN's Trademark Registrations have been a resounding commercial success, selling a commercially significant number of units compared to its peers since products featuring EBIN's Trademark Registrations first were offered in July 2015.

45.     EBIN's sales of products sold in connection with the subject marks of EBIN's Trademark Registrations are considered significant and highly successful by

any industry standard. This creates significant secondary meaning in the subject marks of EBIN's Trademark Registrations.

## GOIPLE's Acts of Infringement

46.     GOIPLE is a manufacturer of wig bond products and is one of EBIN's primary competitors in this space.

47.     GOIPLE recently released a new line of lace gels, adhesives, and sprays. These new products are provided in packaging highly similar to that of EBIN's WONDER LACE BOND gels, adhesives, and/or sprays. GOIPLE's gel is sold in stylized packaging consisting of a white bottle with a black label with gold and white text on the label. The bottle has a black pull-to-open top that is resealable. Similarly, GOIPLE's adhesive is sold in stylized packaging consisting of a white bottle with a black label with gold and white text on the label. The cap of the bottle is gold and screw-off.  Likewise, GOIPLE's spray is sold in a white bottle that bears a black label with black and gold text. Together, these products are collectively referred to as the "Infringing Packaging."

 

**Gel and adhesive with EBIN's Trade Dress (Left) vs gel and adhesive with GOIPLE's Infringing Packaging (Right)**



**EBIN's Trade Dress (Left) vs melting spray with GOIPLE's Infringing Packaging (Right)**

121596439.2

-13-

48.     On information and belief, GOIPLE was aware of EBIN's Trade Dress, and the success of products featuring EBIN's Trade Dress, before it started designing the Infringing Packaging.

49.     On information and belief, this new packaging was meant to freeride on the goodwill associated with EBIN's Trade Dress, and cause confusion and mistake among the relevant consumers who would purchase GOIPLE's gel, adhesive, and spray products, believing them to be the products offered by EBIN.

50.     On information and belief, the products offered by GOIPLE in the Infringing Packaging are very inexpensive and cost under $10 per bottle on average.

51.     On information and belief, GOIPLE targets the same customers for the products that it sells in connection with the Infringing Packaging as the customers that EBIN targets for products that it sells in connection with EBIN's Trade Dress.

52.     On information and belief, GOIPLE uses the same marketing channels for the products that it sells in connection with the Infringing Packaging as the marketing channels that EBIN uses for products that it sells in connection with EBIN's Trade Dress.

53.     On information and belief, the products that GOIPLE sells in connection with the Infringing Packaging are sold in the same retail stores as EBIN's products that feature EBIN's Trade Dress.

54.    On information and belief, the products that GOIPLE sells in connection with the Infringing Packaging are the exact same type of products, namely, lace wig gels, adhesives, and sprays as EBIN's products that feature EBIN's Trade Dress.

55.    On information and belief, due to the inexpensive price of the products that GOIPLE sells in connection with the Infringing Packaging and EBIN's products that feature EBIN's Trade Dress, customers exercise little care, and conduct a limited investigation, if any, when purchasing the products.

56.    On information and belief, EBIN is suffering economic harm by a loss in sales from customers purchasing the products that GOIPLE sells in the Infringing Packaging while believing them to be the product that EBIN offers in connection with EBIN's Trade Dress.

57.    In addition to the above acts of infringement, GOIPLE has also infringed EBIN's rights in EBIN's Trademark Registrations.

58.    On information and belief, GOIPLE has been promoting advertisements featuring the subject marks of EBIN's Trademark Registrations on various storefronts that are targeted to the U.S. market. Below is a screenshot of one such advertisement that is offering a multi-pack of products, some of which embody the Infringing Packaging (the "Infringing Advertisement"). This advertisement

appears on shein.com, a popular online beauty retailer that ships products into the US.



**GOIPLE's Infringing Use of the Subject Marks of the EBIN's Trademark Registrations on shein.com**

59.    The 24 HOUR EDGE TAMER mark as used by GOIPLE (the "24 HOUR EDGE TAMER Mark") is identical to the subject mark of the '982 Registration, and substantially identical, down to the use of a stylized clock, to the subject mark of the '302 Registration.

60.    The goods that GOIPLE offers in connection with the 24 HOUR EDGE TAMER Mark are related to if not the same goods as those that EBIN offers in connection with EBIN's Trademark Registrations.

121596439.2

61.     The customers that GOIPLE targets in connection with the 24 HOUR EDGE TAMER Mark are the same that EBIN targets in connection with EBIN's Trademark Registrations.

62.     The marketing channels that GOIPLE uses in connection with products advertised in connection with the 24 HOUR EDGE TAMER Mark are the same that EBIN uses in connection with EBIN's Trademark Registrations.

63.     These acts of trademark infringement were clearly and unquestionably willful, especially given the fact that the Infringing Advertisement depicted above is actually a copy of an advertisement that EBIN previously made using the same photo of the same model (EBIN's Advertisement"). Even the feature list on the bottom of GOIPLE's Infringing Advertisement is the same, as is the use of the trademark registration symbol ® in connection with the 24 HOUR EDGE TAMER Mark.

 

**EBIN's Advertisement Next to GOIPLE's Infringing Advertisement**

64.     Copying EBIN's advertising, down to the model that was used, and the ® symbol, constitutes unfair competition and false destination of origin.

65.     The above, together with a cease and desist letter that EBIN sent to GOIPLE warning that it was infringing EBIN's rights in EBIN's Trade Dress by its continued sales and distribution of products that feature the Infringing Packaging, demonstrates that GOIPLE's various acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition are unquestionably willful, and clearly designed to freeride on the goodwill associated with EBIN's Trade Dress and Trademark Registrations.

66.     On information and belief, the Reseller Defendants each sell and/or distribute at least one of the above-identified products that feature the Infringing Packaging, targeting the same customers as EBIN targets with sales of its products that feature EBIN's Trade Dress. This constitutes trade dress infringement.

67.     On information and belief, the Reseller Defendants all were aware of EBIN's rights in EBIN's Trade Dress before they began selling and/or distributing products that feature the Infringing Packaging.

68.     As to ShopVidi and GABSA, EBIN sent cease and desist letters to the entities warning them that they were infringing EBIN's rights in EBIN's Trade Dress by their continued sales and/or distribution of products that feature the

Infringing Packaging. Despite these warnings, these Reseller Defendants continued to sell and/or distribute the products that feature the Infringing Packaging.

69.     On information and belief, ShopVidi and GABSA's acts of trade dress infringement were willful.

### FIRST CAUSE OF ACTION
**(Infringement of Federally Registered Trademarks Against GOIPLE [15 U.S.C. § 1114])**

70.     EBIN hereby incorporates by reference each of the allegations in paragraphs 1-69 of this Complaint as if fully set forth herein.

71.     EBIN owns rights in EBIN's Trademark Registrations.

72.     The subject marks of EBIN's Trademark Registrations are at least suggestive when used in connection with the goods identified in EBIN's Trademark Registrations.

73.     The subject marks of EBIN's Trademark Registrations are commercially strong.

74.     The subject marks of EBIN's Trademark Registrations are conceptually strong.

75.     EBIN has acquired significant secondary meaning in the subject marks of EBIN's Trademark Registrations.

76.     On information and belief, GOIPLE was aware of the subject marks of EBIN's Trademark Registrations before advertising products in connection with the 24 HOUR EDGE TAMER Mark.

77.     The products that GOIPLE offers in connection with the 24 HOUR EDGE TAMER Mark are the same products or related to the products that EBIN offers in connection with the subject marks of EBIN's Trademark Registrations.

78.     On information and belief, the products that GOIPLE offers in connection with the 24 HOUR EDGE TAMER Mark are targeted to the same customers as the products that EBIN offers in connection with the subject marks of EBIN's Trademark Registrations.

79.     On information and belief, the products that GOIPLE offers in connection with the 24 HOUR EDGE TAMER Mark are offered in the same marketing channels and retail locations as the products that EBIN offers in connection with the subject marks of EBIN's Trademark Registrations.

80.     On information and belief, the products that GOIPLE offers in connection with the 24 HOUR EDGE TAMER Mark and the products that EBIN offers in connection with the subject marks of EBIN's Trademark Registrations are inexpensive, costing less than $10 on average, and customers do not exercise a great deal of care when purchasing the products.

81.     On information and belief, GOIPLE's sale of products in connection with the 24 HOUR EDGE TAMER Mark is likely to cause confusion as to the source, origin, and sponsorship of GOIPLE and the products that it sells on the one hand and EBIN and the products that it sells in connection with the subject marks of EBIN's Trademark Registrations on the other.

82.     The above identified actions constitute infringement of a registered trademark violation of the Lanham Act.

83.     On information and belief, GOIPLE's acts of trademark infringement are willful.

84.     As a direct and proximate result of GOIPLE's trademark infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

85.     EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to GOIPLE's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
### (Infringement of Unregistered Trademarks Against GOIPLE
### [15 U.S.C. § 1125(a)])

86.     EBIN hereby incorporates by reference each of the allegations in paragraphs 1-85 of this Complaint as if fully set forth herein.

87.    The acts described in the first cause of action above also constitute unfair competition/infringement of an unregistered trademark in violation of 15 U.S.C. § 1125(a) as EBIN has significant common-law rights and secondary meaning in association with the subject marks of EBIN's Trademark Registrations for the goods identified therein.

88.    On information and belief, GOIPLE's acts of trademark infringement are willful.

89.    As a direct and proximate result of GOIPLE's trademark infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

90.    EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to GOIPLE's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

### THIRD CAUSE OF ACTION
**(Infringement of Unregistered Trade Dress Against All Defendants [15 U.S.C. § 1125(a)])**

91.    EBIN hereby incorporates by reference each of the allegations in paragraphs 1-90 of this Complaint as if fully set forth herein.

92.    EBIN owns common law trade dress rights to EBIN's Trade Dress based on EBIN's prior continuous and exclusive use of EBIN's Trade Dress in commerce.

93.    EBIN's Trade Dress is arbitrary and is inherently distinctive when used in connection with lace bond gels, adhesives, and sprays.

94.    EBIN's Trade Dress is commercially strong.

95.    EBIN's Trade Dress is conceptually strong.

96.    EBIN's Trade Dress is not functional.

97.    EBIN has acquired significant secondary meaning in EBIN's Trade Dress.

98.    On information and belief, GOIPLE was aware of EBIN's Trade Dress before adopting the Infringing Packaging.

99.    On information and belief, the products that GOIPLE offers through the Reseller Defendants and other distribution channels in connection with the Infringing Packaging are the same products or are related to the products that EBIN offers in connection with EBIN's Trade Dress.

100.    On information and belief, the products that GOIPLE offers through the Reseller Defendants and other distribution channels in connection with the Infringing Packaging are targeted to the same customers as the products that EBIN offers in connection with EBIN's Trade Dress.

101.    On information and belief, the products that GOIPLE offers through the Reseller Defendants and other distribution channels in connection with the

Infringing Packaging are offered in the same marketing channels and retail locations as the products that EBIN offers in connection with EBIN's Trade Dress.

102.   On information and belief, the products that GOIPLE offers through the Reseller Defendants and other distribution channels in connection with the Infringing Packaging and the products that EBIN offers in connection with EBIN's Trade Dress are inexpensive, costing less than $10 on average, and customers do not exercise a great deal of care when purchasing the products.

103.   On information and belief, GOIPLE's and the Reseller Defendants' sale and/or distribution of products in connection with the Infringing Packaging is likely to cause confusion as to the source, origin, sponsorship of GOIPLE and the products that it sells on the one hand and EBIN and the products that it sells in connection with EBIN's Trade Dress on the other.

104.   The above identified actions constitute infringement of unregistered trade dress in violation of the Lanham Act.

105.   On information and belief, GOIPLE's, ShopVidi's and GABSA's acts of trade dress infringement are willful.

106.   As a direct and proximate result of Defendants' trade dress infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

107.   EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to Defendants' profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

### FOURTH CAUSE OF ACTION
**(False Designation of Origin and Unfair Competition Against GOIPLE [15 U.S.C. § 1125(a)])**

108.   EBIN hereby incorporates by reference each of the allegations in paragraphs 1-107 of this Complaint as if fully set forth herein.

109.   On information and belief, GOIPLE was aware of EBIN's Advertisement before adopting its Infringing Advertisement.

110.   The products that GOIPLE offers in connection with its Infringing Advertisement are the same products or related to the products that EBIN offers in connection with EBIN's Advertisement.

111.   On information and belief, the products that GOIPLE offers in connection with its Infringing Advertisement are targeted to the same customers as the products that EBIN offers in connection with EBIN's Advertisement.

112.   On information and belief, the products that GOIPLE offers in connection with its Infringing Advertisement are offered in the same marketing channels and/or retail locations as the products that EBIN offers in connection with EBIN's Advertisement.

113. On information and belief, the products that GOIPLE offers in connection with its Infringing Advertisement and the products that EBIN offers in connection with EBIN's Advertisement are inexpensive, costing less than $10 on average, and customers do not exercise a great deal of care when purchasing the products.

114. On information and belief, GOIPLE's sale of products in connection with its Infringing Advertisement is likely to cause confusion as to the source, origin, and sponsorship of GOIPLE and the products that it sells on the one hand and EBIN and the products that it sells in connection with EBIN's Advertisement on the other.

115. By copying EBIN's Advertisement down to the photo of the model and text of the advertisement, GOIPLE was intending to freeride on the goodwill associated with EBIN, and to deceive customers into believing that the products advertised by GOIPLE were the same or related to the products advertised by EBIN, or that GOIPLE itself, or its products were related to or affiliated with EBIN.

116. The above identified actions constitute a false designation of origin and unfair competition under the Lanham Act.

117. On information and belief, GOIPLE's acts of false designation of origin and unfair competition are willful.

118.   As a direct and proximate result of GOIPLE's false designation of origin and unfair competition, EBIN has suffered and will continue to suffer irreparable harm and damages.

119.   EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to GOIPLE's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

**FIFTH CAUSE OF ACTION**
**(Violation of the New Jersey Statutory Trademark Infringement Against GOIPLE [N.J.S.A. 56:3-13.16.a] (Word Mark))**

120.   EBIN hereby incorporates by reference each of the allegations in paragraphs 1-119 of this Complaint as if fully set forth herein.

121.   The activities identified in the first and second causes of action also constitute trademark infringement in violation of N.J.S.A. 56:3-13.16.a.

122.   On information and belief, GOIPLE's acts of trademark infringement are willful.

123.   As a direct and proximate result of Defendant's trademark infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

124.   EBIN is entitled to injunctive relief and other remedies available under N.J.S.A. 56:3-13.16.a et. seq, including but not limited to Defendant's profits, any

damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

**SIXTH CAUSE OF ACTION**
**(Violation of the New Jersey Statutory Trademark Infringement Against All Defendants [N.J.S.A. 56:3-13.16.a] (Trade Dress))**

125.   EBIN hereby incorporates by reference each of the allegations in paragraphs 1-124 of this Complaint as if fully set forth herein.

126.   The activities identified in the third cause of action also constitute trade dress infringement in violation of N.J.S.A. 56:3-13.16.a.

127.   On information and belief, GOIPLE's, ShopVidi's and GABSA's acts of trademark infringement are willful.

128.   As a direct and proximate result of Defendants' trade dress infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

129.   EBIN is entitled to injunctive relief and other remedies available under N.J.S.A. 56:3-13.16.a et. seq, including but not limited to Defendants' profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## SEVENTH CAUSE OF ACTION
**(New Jersey Common Law Trademark Infringement and Unfair Competition Against GOIPLE)**

130.   EBIN hereby incorporates by reference each of the allegations in paragraphs 1-129 of this Complaint as if fully set forth herein.

131.   The activities identified in the first, second, fourth and fifth causes of action also constitute trademark infringement and unfair competition in violation of the New Jersey common law.

132.   On information and belief, GOIPLE's acts of trademark infringement and unfair competition are willful.

133.   As a direct and proximate result of Defendant's trademark infringement and unfair competition, EBIN has suffered and will continue to suffer irreparable harm and damages.

134.   EBIN is entitled to injunctive relief and other remedies available at common law, including but not limited to Defendant's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## EIGHTH CAUSE OF ACTION
**(New Jersey Common Law Trade Dress Infringement and Unfair Competition Against All Defendants)**

135.   EBIN hereby incorporates by reference each of the allegations in paragraphs 1-134 of this Complaint as if fully set forth herein.

136.   The activities identified in the third and sixth causes of action also constitute infringement of unregistered trade dress and unfair competition in violation of the New Jersey common law.

137.   On information and belief, GOIPLE's, ShopVidi's and GABSA's acts of trade dress infringement and unfair competition are willful.

138.   As a direct and proximate result of Defendants' trade dress infringement and unfair competition, EBIN has suffered and will continue to suffer irreparable harm and damages.

139.   EBIN is entitled to injunctive relief and other remedies available at common law, including but not limited to Defendants' profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, EBIN prays for:

A.     A preliminary and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from engaging in any further trademark infringement, trade dress infringement, false designation of origin, deceptive trade practices, and unfair competition.

121596439.2

-30-

B.      Judgment in favor of EBIN for all of EBIN's enumerated causes of action.

C.      An award of Defendants' profits, or EBIN's actual damages, whichever are greater.

D.      A finding that Defendants' actions were willful.

E.      A finding that this is an extraordinary case.

F.      Trebling of damages.

G.      An award of EBIN's attorney's fees and costs in this matter.

H.      Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff EBIN New York, Inc. requests a trial by jury on all issues so triable.

Dated:  June 23, 2023                    Respectfully submitted,

By  *s/John K. Kim*
John K. Kim (NJ Bar No. 059451994)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85255
Tel: (602) 262-5311
Fax: (602) 262-5747
Email: jkim@lewisroca.com

Drew Wilson (NJ Bar No. 011202010)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91203
Tel: (626) 795-9900
Fax: (626) 577-8800
Email: dwilson@lewisroca.com

*Attorneys for Plaintiff*
*EBIN New York, Inc.*