**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EBIN NEW YORK, INC.

               Plaintiff,

               v.

GUANGZHOU YONGBANG
BIOTECHNOLOGY CO. LTD d/b/a GOIPLE,
SHOPVIDI, INC., and GG10 INC.
               Defendants.

                          :  Civil Action No. 2:23-cv-
                          :  03439-MEF-JRA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**GUANGZHOU YONGBANG BIOTECHNOLOGY CO. LTD. d/b/a**
**GOIPLE's**
**MOTION TO DISMISS**


**KATTEN MUCHIN ROSENMAN**
**LLP**
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
Facsimile:  212.940.8774

*Attorneys for Defendants Guangzhou*
*Yongbang Biotechnology Co. Ltd. d/b/a*
*Goiple, Shopvidi, Inc., and GG10 Inc*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

PRELIMINARY STATEMENT ............................................................................2

FACTS ....................................................................................................................4

ARGUMENT ..........................................................................................................6

      I.      Legal Standard.........................................................................................6

      II.     The Trade Dress Infringement Claims (Counts Three, Six, and Eight) Must Be Dismissed.................................................................................6

              A.     EBIN fails to articulate the specific elements which comprise its distinct trade dress..............................................................10

              B.     EBIN fails to demonstrate a recognizable and consistent overall look....................................................................................15

              C.     EBIN's State and Common Law Trade Dress Claims Must Also Be Dismissed.........................................................................19

      III.    The False Designation of Origin and Unfair Competition Claim (Count Four) Must Be Dismissed. ....................................................20

CONCLUSION .....................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
  237 F.3d 198 (3d Cir. 2000) .............................................................................19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................6, 15

*Blake Gardens, LLC v. New Jersey*,
  309 F. Supp. 3d 240 (D.N.J. 2018)...................................................................21

*Chanel, Inc. v. Gordashevsky*,
  558 F. Supp. 2d 532 (D.N.J. 2008)...................................................................19

*Classic Touch Decor, Inc. v. Michael Aram, Inc.*,
  2015 WL 6442394 (E.D.N.Y. Oct. 23, 2015) .......................................13, 17, 19

*Conopco, Inc. v. WBM, LLC*,
  2023 WL 2570207 (D.N.J. Mar. 20, 2023) .......................................................14

*Crafty Productions, Inc. v. Michaels Companies, Inc.*,
  389 F. Supp. 3d 876 (S.D. Cal. 2019)...............................................................19

*Digital Dream Labs, LLC. v. Living Technology (Shenzhen) Co.*,
  587 F. Supp. 3d 305 (W.D. Pa. 2022)..........................................................12, 19

*EBIN New York, Inc. v. Kiss Nail Products, Inc.*,
  No: 2:23-cv-02369 (D.N.J. 2023)...................................................................2, 15

*EBIN New York, Inc. v. PNM Trading, LLC*,
  No. 1:21-cv-01840 (N.D. Ga. 2021)...................................................................2

*EBIN New York, Inc. v. R&B Collection, Inc.*,
  No. 2:23-cv-04201 (D.N.J. 2023)......................................................................2

*EBIN New York, Inc. v. SIC Enter., Inc.*,
  No. 1:19-cv-1017, 2023 WL 6141275 (E.D.N.Y. Sept. 20, 2023)................2, 17

*EBIN New York, Inc. v. Sic Enterprise, Inc.*,
No. 1:19-cv-01017 (E.D.N.Y. 2019) ............................................................2, 18

*Fair Wind Sailing, Inc. v. Dempster*,
764 F.3d 303 (3d Cir. 2014) ...................................................................*passim*

*Ford Motor Co. v. Summit Motor Prods., Inc.*,
930 F.2d 277 (3d Cir. 1991) ..........................................................................20, 22

*Hauschild GMBH & CO. KG v. FlackTek, Inc.*,
2022 WL 392501 (D. Colo. Feb. 9, 2022)...................................................14, 19

*J & J Snack Foods, Corp. v. Earthgrains Co.*,
220 F. Supp. 2d 358 (D.N.J. 2002)...............................................................19, 20

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
113 F.3d 373 (2d Cir. 1997) ...................................................................*passim*

*McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*,
511 F.3d 350 (3d Cir. 2007) ............................................................................7

*National Lighting Co., Inc. v. Bridge Metal Industries, LLC*,
601 F. Supp. 2d 556 (S.D.N.Y. 2009) ...........................................................13, 19

*Regal Jewelry Co. v. Kingsbridge Int'l, Inc.*,
999 F. Supp. 477 (S.D.N.Y. 1998) ....................................................................9

*Rose Art Indus., Inc. v. Raymond Geddes & Co.*,
31 F. Supp. 2d 367 (D.N.J. 1998).......................................................................8

*Rose Art Industries, Inc. v. Swanson*,
235 F.3d 165 (3d Cir. 2000) ...................................................................*passim*

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
532 U.S. 23 (2001).........................................................................................6, 7

*Tristar Prods., Inc. v. E. Mishan & Sons, Inc.*,
2017 WL 1404315 (D.N.J. Apr. 19, 2017)...................................................13, 14

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
505 U.S. 763 (1992)..........................................................................................7

*What A Smoke, LLC v. Duracell U.S. Operations, Inc.*,
  2020 WL 6375653 (D.N.J. Oct. 30, 2020) .......................................10, 16, 18, 19

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2d Cir. 2001) .................................................................................8

**Statutes**

15 U.S.C. §§ 1051 *et seq*..........................................................................................6

15 U.S.C. § 1114........................................................................................................4

15 U.S.C. § 1125(a) .....................................................................................1, 4, 20, 21

Copyright Act, 17 U.S.C. § 101 *et seq.* ................................................................22

N.J.S.A. § 56:3-13.16...................................................................................1, 4, 19

**Rules**

Fed. R. Civ. P. 12 ..................................................................................................1, 5

Local Rule 12.2 ..........................................................................................................5

**Other Authorities**

J. Thomas McCarthy, 1 *McCarthy on Trademarks and Unfair
  Competition* (5th ed. 2019) ...........................................................................8, 15

**<u>INTRODUCTION</u>**

Defendant Guangzhou Yongbang Biotechnology Co. Ltd. d/b/a Goiple (hereinafter "Goiple" or "Defendant") by its attorneys, Katten Muchin Rosenman LLP, respectfully submits this memorandum of law in support of its motion to dismiss Counts Three, Four, Six, and Eight of the complaint filed by Plaintiff EBIN New York, Inc. in the above-referenced matter.

Counts Three, Six, and Eight allege that all defendants engaged in trade dress infringement in violation of 15 U.S.C. § 1125(a), N.J.S.A. § 56:3-13.16.a, and New Jersey common law.  Defendant submits that this Court should dismiss Counts Three, Six, and Eight of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff: (1) fails to articulate the specific elements which comprise its distinct trade dress claims; and (2) fails to demonstrate that its product line has a recognizable and consistent overall look.

Count Four alleges that Goiple committed "false designation of origin and unfair competition" by "copying" certain elements of an advertisement that EBIN has purportedly used.  Count Four should be dismissed because EBIN has not pleaded any protectable rights in the allegedly copied portions of the advertisement.

## **PRELIMINARY STATEMENT**

This case is yet another example of EBIN's anti-competitive strategy of suing competitors and their resellers as part of a strategy to force them to incur significant legal fees defending overreaching trade dress or trademark claims. *See*, *e.g.*, *EBIN New York, Inc. v. Sic Enterprise, Inc.*, No. 1:19-cv-01017 (E.D.N.Y. 2019); *EBIN New York, Inc. v. PNM Trading, LLC*, No. 1:21-cv-01840 (N.D. Ga. 2021); *EBIN New York, Inc. v. Kiss Nail Products, Inc.*, No: 2:23-cv-02369 (D.N.J. 2023); *EBIN New York, Inc. v. R&B Collection, Inc.*, No. 2:23-cv-04201 (D.N.J. 2023). EBIN employs a "shoot first, ask questions later" litigation strategy, including parties that do not belong in the case.

EBIN often makes broad, generalized allegations regarding its trademark and trade dress rights – a practice courts have criticized. Recently, in *EBIN New York, Inc. v. Sic Enterprise Inc.*, the court granted summary judgment against EBIN as to another of EBIN's products, finding that there was "nothing to suggest that Plaintiff's [packaging] is distinctive." *EBIN New York, Inc. v. SIC Enter., Inc.*, No. 19-1017, 2023 WL 6141275, at *8 (E.D.N.Y. Sept. 20, 2023). In that case, the court held that EBIN's purported trade dress was nothing more than an unprotectable "generalized idea." *Id*. at *7-8. The same holds true here.

In this case, EBIN alleges that Goiple is stealing the look of EBIN's hair care products, without articulating what is unique about the look of its products or

defining its trade dress rights. EBIN's complaint points to some undefined combination of *different* colors, labels, and bottle cap types – hardly a distinct trademark for a hair care bottle. One need only walk down the hair care aisle at a grocery store or pharmacy to see the plethora of similar third-party product packages. Moreover, EBIN acknowledges that its products do not all have the same colors, labels, and caps, raising the question as to how this undefined product line could be copied at all. Similarly, with respect to Count Four, EBIN alleges, without detail or support, that it owns broad rights in text and imagery in an advertisement. But the text in the advertisement is comprised of unprotectable generic phrases, and EBIN makes no claim of rights in the image of the model in the advertisement, most likely because it seems to be a stock image from the internet.

This lawsuit is simply a continuation of EBIN's strategy to force competitors out of its markets so it can, in its own words, "dominate." EBIN's use of the courts to gain an unfair competitive advantage must be rejected. Counts Three, Four, Six, and Eight should be dismissed, at which point the remaining counts (all of which concern the use of an alleged trademark in a single advertisement at one point of time and are asserted only against one defendant – Goiple) can be efficiently addressed.

## **FACTS**

Plaintiff EBIN New York, Inc. and Defendant Guangzhou Yongbang Biotechnology Co. Ltd. d/b/a "Goiple" both sell hair and wig care products. *See generally* Compl. ¶¶ 1-2.[1]  EBIN represents that it "dominates the sales charts" in its markets.  Compl. ¶ 1.

EBIN filed an eight-count complaint against Goiple and six other defendants. EBIN has voluntarily dismissed four defendants from this case—Georgia Atlanta Beauty Supply Association, Richard Chon, Oasis USA, and Kavee Trading.  Dkt. Nos. 6, 9, 17, 20.  Thus, the remaining three defendants in this case are Goiple, ShopVidi, Inc., and GG10, Inc.

Counts Three, Six, and Eight allege trade dress infringement against all defendants in violation of 15 U.S.C. § 1125(a), N.J.S.A. 56:3-13.16.a, and New Jersey common law.  EBIN claims that it owns trade dress rights in its "Wonder Lace Bond" product line based on some undefined combination of different colors, labels, and bottle cap types.  Compl. ¶ 26-29.

Counts One, Two, Four, Five, and Seven allege trademark infringement and false designation of origin against only Goiple in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), N.J.S.A. 56:3-13.16.a, and New Jersey common law.  (*See generally* Compl.).  These counts all relate to EBIN's claim that Goiple used one of

---

[1] "Compl." refers to the Complaint filed in this action at Dkt. No. 1.

EBIN's trademarks in an advertisement on a third-party beauty-supply website and otherwise "copied" one of EBIN's advertisements.  Compl. ¶ 57.  EBIN does not plead trademark rights in the allegedly "copied" elements in the advertisement.[2]  *Id.* ¶¶ 63-64.

Goiple now moves to dismiss Counts Three, Four, Six, and Eight of the complaint.  The trademark infringement claims in Counts One, Two, Five, and Seven are not the subject of this motion.  Should this motion to dismiss Counts Three, Four, Six, and Eight be granted, however, discovery would be significantly narrowed as it would be limited to claims only against a single defendant (Goiple) regarding infringement of a single trademark ("24 HOUR EDGE TAMER") in a single advertisement.  Thus, should this motion to dismiss be granted, Goiple believes discovery and adjudication of this matter would be greatly streamlined.[3]

---

[2] Although Goiple is not asking this Court to make any factual determinations, it notes that, based on cursory reverse image searches, it appears that the allegedly "copied" model image included in the advertisement is a stock photograph widely used by third parties.

[3] Pursuant to Local Rule 12.2, Goiple has not yet filed an answer to the Counts that are not the subject of this motion.  Local Rule 12.2 ("When a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) addresses fewer than all of the claims for relief in a complaint, the pleading in response to any claims for relief which have not been dismissed shall be filed 14 days after entry of the Court's order resolving said motion to dismiss.").

## ARGUMENT

### I.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### II.  The Trade Dress Infringement Claims (Counts Three, Six, and Eight) Must Be Dismissed.

Count Three alleges that Goiple infringed on EBIN's trade dress in violation of the Lanham Act. That Act covers, *inter alia*, registration and infringement of trademarks and trade dress. 15 U.S.C. §§ 1051 *et seq*. Trade dress includes the "design or packaging of a product." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 28 (2001). Trade dress consists of the "total image and overall appearance . . . of a product and may include features such as size, shape, color or

color combinations, texture, graphics, or even particular sales techniques." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764 n.1 (1992).

"[P]rotection for trade dress exists to promote competition." *TrafFix*, 532 U.S. at 28. As such, "[t]rade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products." *Id.* at 29. Assessing a trade dress claim "will always require a look at the product and the market in which it competes" and must be "construed in the light of strong federal policy in favor of vigorously competitive markets[.]" *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 379 (2d Cir. 1997).

To prevail on a trade dress infringement claim, a plaintiff must show that: "(1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007).

In addition, a plaintiff must articulate the specific elements which comprise its distinct trade dress. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 309 (3d Cir. 2014). "This allows the district court to ensure that the claim is not 'pitched at an improper level of generality, i.e., the claimant [does not] seek [] protection for an unprotectable style, theme or idea.'" *Id.* (quoting *Landscape Forms*, 113 F.3d at

381).  Indeed, a vague and indefinite trade dress definition raises a host of issues, namely: "(1) different jurors viewing the same line of products may conceive the trade dress to be composed of different features; (2) no fact finder can properly evaluate issues of secondary meaning, over-breadth or functionality 'without knowing precisely what the plaintiff is trying to protect'; (3) the plaintiff's inability to articulate a precise definition may indicate that the alleged 'trade dress' is overbroad in that it is merely an idea or a generic concept; and (4) a narrowly tailored injunction cannot be framed." *See* J. Thomas McCarthy, 1 *McCarthy on Trademarks and Unfair Competition* § 8:3 (5th ed. 2019) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116-117 (2d Cir. 2001)).

Furthermore, when a plaintiff seeks trade dress protection for a series or line of products (as opposed to a single product), courts apply a more stringent threshold test.  *Rose Art Industries, Inc. v. Swanson*, 235 F.3d 165, 172-73 (3d Cir. 2000). Specifically, a plaintiff "must first demonstrate that the series or line has a recognizable and consistent overall look." *Id*. at 173.  If a plaintiff fails to prove that "its packages have a 'consistent overall look,' the trade dress that the defendant is allegedly infringing 'does not exist,' and the defendant must prevail." *Id*.  (quoting *Rose Art Indus., Inc. v. Raymond Geddes & Co.*, 31 F. Supp. 2d 367, 374 (D.N.J. 1998)).  *See also* J. Thomas McCarthy, 1 *McCarthy on Trademarks and Unfair Competition* § 8:5.50 (5th ed. 2023) ("When the alleged trade dress consists of a

certain look or style of different packaging for a number of different products, it is more difficult to prove that there is a common denominator among those packages which identifies plaintiff as the source. Plaintiff must prove that its alleged trade dress has a 'consistent overall look.'"). This is because, "in contrast to a situation where the plaintiff is seeking protection for a specific package or a single product, 'when protection is sought for an entire line of products, our concern for protecting competition is acute.'" *Rose Art Industries*, 235 F.3d at 172 (quoting *Landscape Forms*, 113 F.3d at 380); *see also Regal Jewelry Co. v. Kingsbridge Int'l, Inc.*, 999 F. Supp. 477, 486 (S.D.N.Y. 1998) ("[C]ourts consider . . . broader product line claims with an 'acute' concern for protecting competition given that any remedy could potentially cover a wide range of products.").

Thus, "[o]nly after the plaintiff has established the existence of recognizable trade dress for the line or series of products should the trial court determine whether the trade dress is distinctive, whether the trade dress is nonfunctional, and whether the defendant's use of plaintiff's trade dress is likely to cause consumer confusion." *Rose Art Industries*, 235 F.3d at 173.

Here, Counts Three, Six, and Eight must be dismissed under controlling precedent for two reasons: (1) they fail to articulate the specific elements which comprise EBIN's distinct trade dress, *Fair Wind Sailing*, 764 F.3d at 309-310; and

(2) they fail to demonstrate that EBIN's product line has a recognizable and consistent overall look, *Rose Art Industries*, 235 F.3d at 172-73.

### A. EBIN fails to articulate the specific elements which comprise its distinct trade dress.

EBIN attempts to identify its claimed trade dress through textual descriptions and photographs. Compl. ¶¶ 26-29. The textual descriptions relate to three different products within its WONDER LACE BOND "product line" that are collectively defined as "EBIN's Trade Dress." Compl. ¶¶ 26-28. Then, EBIN uses the defined term "EBIN's Trade Dress" to plead its rights and claims regarding its product line in an omnibus fashion throughout the Complaint.[4]

EBIN's choice to collectively plead rights in a product line using the defined term "EBIN's Trade Dress" carries substantive consequences—it is not merely

---

[4] EBIN makes one ambiguous reference to trade dress rights for individual products within its WONDER LACE BOND product line. Compl. ¶ 29 ("Each of EBIN's products has its own individual, valid, and unique trade dress as described above, but for the purpose of this complaint, these products are collectively referred to as 'EBIN's Trade Dress.'"). But EBIN makes no further attempt to plead its rights or its claims on an individual product basis. EBIN cannot have it both ways. EBIN chose to collectively plead its rights in the product line in an omnibus fashion throughout the Complaint, and thus its claims must be analyzed as product line claims under *Rose Art Industries*. *See What A Smoke, LLC v. Duracell U.S. Operations, Inc.*, 2020 WL 6375653, at *4 (D.N.J. Oct. 30, 2020) ("The [complaint] does not explicitly state whether Plaintiff seeks trade dress protection for an individual product or for a product line. But Plaintiff's allegations seem to suggest trade dress for a product line rather than an individual product. Plaintiff's trade dress allegations concern [multiple products]. Therefore, the Court will conduct a product line inquiry.").

cosmetic.  Doing so allowed EBIN to avoid pleading its rights and the elements of its claims with respect to each product in the product line.  Compl. ¶¶ 29-37; 92-107. For example, EBIN claims that "[t]his unique combination of features that are identified as EBIN's Trade Dress are not functional . . . ."  Compl. ¶ 30.  Because the products in the product line that comprise "EBIN's Trade Dress" have different features, Defendant and this Court are left to guess which "unique combination of features" EBIN alleges as non-functional.  That same problem permeates EBIN's substantive allegations throughout the Complaint regarding its alleged rights in "EBIN's Trade Dress."

Similarly, EBIN compares the appearance of "EBIN's Trade Dress"—*as a whole*—to the appearance of Defendant's products, to support its allegation that the parties' bottles are confusingly similar.  For example, EBIN compares "EBIN's Trade Dress (Left) vs melting spray with GOIPLE's Infringing Packaging (Right)":



EBIN's Trade Dress (Left) vs melting spray with GOIPLE's Infringing Packaging (Right)

Compl. ¶ 47.  These omnibus comparisons to "EBIN's Trade Dress" allowed EBIN to avoid specifying which elements of EBIN's products are allegedly infringed by Defendant's products.   The example above begs the question: "Which claimed elements of the EBIN products (on the left) are allegedly infringed by Defendant's products (on the right)?"   EBIN does not answer that question in its Complaint. Instead, EBIN leaves Defendant and this Court to guess.

This Circuit's controlling precedent does not allow EBIN to avoid those issues.  It is the plaintiff's duty to articulate the specific elements which comprise its distinct trade dress—otherwise Counts Three, Six, and Eight must be dismissed. *Fair Wind Sailing*, 764 F.3d at 309-310 (affirming dismissal for failure to articulate a distinct trade dress).  *See also See Digital Dream Labs, LLC. v. Living Technology*

*(Shenzhen) Co.*, 587 F. Supp. 3d 305 (W.D. Pa. 2022) (granting motion to dismiss

and noting:

> The [complaint] does not "articulat[e] the specific elements which
> comprise its distinct dress," because DDL's description of its trade
> dress is open ended. Although the [complaint] refers to pictures . . . to
> help define its trade dress, the [complaint] also alleges that "[t]he trade
> dress components and features of the [products] include both
> individually in certain instances and collectively" certain enumerated
> elements. Courts have dismissed trade dress claims where language
> fails to circumscribe the exact trade dress that a party is seeking to
> protect.

*Id.* at 328-29 (collecting cases) (citations omitted). *See also Nat'l Lighting Co., Inc.*

*v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2009) (granting

motion to dismiss; "Plaintiff's trade dress claim is not rescued by the mere

attachment of brochures, photographs and specifications to the Amended Complaint.

[C]ourts cannot be expected to distill from a set of images those elements that are

common to a line of products and both distinctive and non-functional."); *Classic*

*Touch Decor, Inc. v. Michael Aram, Inc.*, 2015 WL 6442394, at *4 (E.D.N.Y. Oct.

23, 2015) (granting motion to dismiss; "Regardless of the use of photographs,

however, Michael Aram must provide proper notice of the trade dress claimed. As

currently expressed . . . , Michael Aram's articulation is too broad to give Classic

Touch and the court proper notice of the scope of the trade dress claimed, and due

to the breadth and vagueness of the articulation, would create unnecessary

complications were the claim to proceed as pleaded."); *Tristar Prods., Inc. v. E.*

*Mishan & Sons, Inc.*, 2017 WL 1404315, at *7 (D.N.J. Apr. 19, 2017) (noting the inclusion of images of products is insufficient to "adequately articulate the specific elements which comprise [a] distinct trade dress."); *Conopco, Inc. v. WBM, LLC*, 2023 WL 2570207, at *4-5 (D.N.J. Mar. 20, 2023) (granting motion to dismiss because Defendant "fail[ed] to articulate the specific elements of its alleged trade dress" and "neglect[ed] to accurately describe the trade dress it seeks to protect[.]").

Even had EBIN articulated specific elements that comprised a distinct trade dress across its product line, it still would have to identify what elements were infringed.  EBIN cannot claim that the Goiple products pictured in the complaint are infringing without identifying the specific elements that are allegedly infringed.  *See Fair Wind Sailing*, 764 F.3d at 309-310; *Hauschild GMBH & CO. KG v. FlackTek, Inc.*, 2022 WL 392501, at *6 (D. Colo. Feb. 9, 2022) (granting motion to dismiss; "Here, plaintiff claims that defendants have infringed on the entire SPEEDMIXER line . . . [but] Plaintiff has not compared its products with defendants' products."). As explained in the leading trademark law treatise:

> Whatever plaintiff may claim as the combination of elements making up its alleged trade dress in the product or its packaging and presentation, it is not adequate for the plaintiff to solely identify such a combination as the "trade dress."  Rather, the discrete elements which make up that combination must be separated out and clearly identified in a list. All courts agree that the elements of the alleged trade dress must be clearly listed and described. Only then can the court and the parties coherently define exactly what the trade dress consists of and determine whether that trade dress is valid and if what the accused is doing is an infringement.

1 *McCarthy on Trademarks and Unfair Competition* § 8:3.

In short, EBIN did not meet its pleading burden to articulate the specific elements which comprise EBIN's distinct trade dress or how, specifically, Goiple infringed those elements.  The Lanham Act requires such specificity and without it Counts Three, Six, and Eight must be dismissed.  *Fair Wind Sailing*, 764 F.3d at 310 ("Because Fair Wind has failed to give Defendants adequate notice of what overall look it wishes to protect, its trade dress claim cannot survive Defendants' motion to dismiss.") (citing *Twombly*, 550 U.S. at 555).

**B. EBIN fails to demonstrate a recognizable and consistent overall look.**

EBIN's complaint fails for another reason.  As detailed above, EBIN expressly pleaded trade dress protection for its WONDER LACE BOND "product line" as opposed to bringing an infringement claim as to individual products.  Compl. ¶¶ 24, 29 ("One of EBIN's most successful product lines is its WONDER LACE BOND line [sic] gels, adhesives, and sprays.").[5]  Thus, in addition to satisfying the

----

[5] In another case pending in this District, EBIN responded to a motion to dismiss by distinguishing its allegations of trade dress infringement of a "single product" in that case, from the allegations regarding infringement of its "product line" in this case. *EBIN New York, Inc. v. Kiss Nail Products, Inc.*, No: 2:23-cv-02369, Dkt. No. 20, at 10, 34-35 (D.N.J. July 24, 2023) ("Kiss cites to EBIN's complaint against GOIPLE which is also pending in the District of New Jersey. The trade dress at issue in that case, which also consists of highly stylized bottles, is for a completely different **product line** . . . ."; "EBIN is alleging infringement of a specific product. A single specific product. [ . . . ] This is not a **product line** inquiry.") (emphasis added).

standard pleading requirements of *Fair Wind Sailing* discussed above, EBIN must also satisfy the "consistent overall look" threshold inquiry for product line trade dress claims. *Rose Art Industries*, 235 F.3d at 172-73 (a plaintiff "must first demonstrate that the series or line has a recognizable and consistent overall look" failing which "the defendant must prevail"); *What A Smoke*, 2020 WL 6375653, at *4 ("Plaintiff's allegations seem to suggest trade dress for a product line rather than an individual product. Plaintiff's trade dress allegations concern [multiple products]. Therefore, the Court will conduct a product line inquiry.").

To pass muster under *Rose Art Industries*, EBIN must articulate the elements shared among the products in the product line that create a "recognizable and consistent overall look." 235 F.3d at 172-73. EBIN failed to do so.

The textual descriptions and photos offered by EBIN to describe "EBIN's Trade Dress" make clear that the products within the product line have prominent *differences*. The products have different sizes and shapes; different colors of bottles (white or clear); different types of caps ("pull-to-open," "screw-off," or other); different colors of caps (black or gold); and different text on the labels. Compl. ¶¶ 26-29. EBIN made no attempt to plead how the products create a "recognizable and consistent overall look" across the product line despite those significant differences. *Rose Art Industries*, 235 F.3d at 173. Because EBIN has not demonstrated why the claimed elements of the individual products are consistent

16

across the product line (and in fact has highlighted some inconsistencies), EBIN's

alleged trade dress "does not exist, and the defendant must prevail." *Id.* (internal

quotation marks omitted).

EBIN's attempt to assert undefined trade dress claims raise the "acute"

concerns for protecting competition that courts have warned about. *Rose Art*

*Industries*, 235 F.3d at 172 ("As the Second Circuit Court of Appeals has noted, in

contrast to a situation where the plaintiff is seeking protection for a specific package

or a single product, 'when protection is sought for an entire line of products, our

concern for protecting competition is acute.'") (quoting *Landscape Forms*, 113 F.3d

at 380); *see also Classic Touch Decor*, 2015 WL 6442394, at *8 (granting motion to

dismiss; "This narrowing of the products over which Michael Aram actually claims

trade dress protection is an attempt to assure that Michael Aram does not seek to

monopolize a product or 'an idea, a concept, or generalized type of appearance,' and

is an attempt to show that 'the appearance of its several products is sufficiently

distinct and unique to merit protection as a recognizable trade dress.'") (quoting

*Landscape Forms*, 113 F.3d at 380).

Indeed, EBIN should be familiar with the pro-competitive nature of the

Lanham Act trade dress claims given its recent defeat in a similar case. *EBIN New*

*York, Inc. v. SIC Enterprise, Inc. et al.*, 2023 WL 6141275, at *12 (E.D.N.Y. Sept.

20, 2023) (dismissing EBIN's federal trade dress claims on summary judgment).  In

that case, EBIN asserted trade dress rights in a hair care product container with a clear external layer and an internal layer of varying colors. *Id*. at *2. The court held that such containers were common for hair care products, such that EBIN's claimed trade dress was nothing more than an unprotectable "generalized idea." *Id*. at *7-8. As such, the claimed trade dress was "generic" and not subject to the Lanham Act protection. *Id*. The court also held that, even if EBIN's container was not generic, EBIN could not prove that it acquired distinctiveness or "secondary meaning" such that it was protectable under the Lanham Act. *Id*. at *8-11. Moreover, the court held that the evidence of the defendants' intent to copy EBIN's container did not help EBIN, because, "[u]nfortunately for [EBIN], the law does not preclude imitative intent in Lanham Act actions." *Id*. at *11.

In *SIC Enterprise*, EBIN sought to protect the unprotectable, without regard to the "strong federal policy in favor of vigorously competitive markets"—just as it has done here. *Landscape Forms*, 113 F.3d at 379.

For the foregoing reasons, Counts Three, Six, and Eight are defective under controlling precedent in two material respects: (1) they fail to articulate the specific elements which comprise EBIN's distinct trade dress, *Fair Wind Sailing*, 764 F.3d at 309-310; and (2) they fail to demonstrate that EBIN's product line has a recognizable and consistent overall look, *Rose Art Industries*, 235 F.3d at 173. Accordingly, Counts Three, Six, and Eight must be dismissed. *See What A Smoke*,

2020 WL 6375653, at *4-6 (granting motion to dismiss trade dress infringement claims); *Digital Dream Labs*, 587 F. Supp. 3d at 328-29 (same); *Hauschild*, 2022 WL 392501, at *6-7, 12 (same); *Crafty Productions, Inc. v. Michaels Companies, Inc.*, 389 F. Supp. 3d 876, 888 (S.D. Cal. 2019) (same); *Classic Touch Decor*, 2015 WL 6442394, at *11 (same); *National Lighting Co.*, 601 F. Supp. 2d at 561-63 (same).

**C. EBIN's State and Common Law Trade Dress Claims Must Also Be Dismissed.**

EBIN's claims for trade dress infringement under N.J.S.A. § 56:3-13.16 (Count Six) and New Jersey common law (Count Eight) are duplicative of its federal trade dress claim (Count Three). Indeed, Counts Six and Eight merely incorporate the federal trade dress claim. Compl. ¶¶ 126, 136 ("The activities identified in the third cause of action also constitute trade dress infringement in violation of N.J.S.A. 56:3-13.16.a."; "The activities identified in the third and sixth causes of action also constitute infringement of unregistered trade dress and unfair competition in violation of the New Jersey common law.").

New Jersey trademark claims are "measured by identical standards pursuant to the Lanham Act." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)). Moreover, the elements of these claims are also the same under New Jersey statutory and common law. *See J & J Snack Foods, Corp. v. Earthgrains*

*Co.*, 220 F. Supp. 2d 358, 374 (D.N.J. 2002).  Thus, for the same reasons EBIN's federal trade dress claim (Count Three) should be dismissed, so too should its New Jersey state and common law trade dress claims (Counts Six and Eight).

## III.   The False Designation of Origin and Unfair Competition Claim (Count Four) Must Be Dismissed.

Count Four alleges that Goiple committed "false designation of origin and unfair competition" in violation of § 1125(a) of the Lanham Act.  Compl. ¶¶ 108-119.  That section of the Lanham Act "sets forth the standard for infringement of unregistered trademarks." *Fair Wind Sailing*, 764 F.3d at 308.  To adequately plead a violation of § 1125(a), EBIN must plead ownership of a valid unregistered trademark and that defendant's use of the mark is likely to cause consumer confusion.  *See Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991).

EBIN bases Count Four on Goiple's alleged "copying" of the single advertisement shown below (left), which EBIN defines as "EBIN's Advertisement."



EBIN's Advertisement Next to GOIPLE's Infringing Advertisement

Compl. ¶ 63.

Count Four must be dismissed because EBIN fails to plead any protectable rights in the elements of the advertisement that Goiple allegedly copied.

Initially, to the extent Count Four is based on Goiple's alleged infringement of the "24 HOUR EDGE TAMER" trademark in Goiple's advertisement, Count Four must be dismissed as duplicative of Counts One, Two, Five, and Seven.  *See Blake Gardens, LLC v. New Jersey*, 309 F. Supp. 3d 240, 248 (D.N.J. 2018) ("It is well-recognized that a court may dismiss a duplicative claim in a complaint.").  In fact, Counts Two and Four would be identical, as Count Two already addresses EBIN's § 1125(a) claim for infringement of the "24 HOUR EDGE TAMER" trademark in the advertisement.  As such, Count Four cannot be based on alleged "copying" of the "24 HOUR EDGE TAMER" trademark.

EBIN has not pleaded any protectable trademark rights in the remaining elements of "EBIN's Advertisement" that Goiple allegedly "copied," namely: (1) a photo of a model; (2) a textual "feature list" at the bottom of the advertisement; and (3) the ® trademark registration symbol. *Id.* ¶ 63.  Regarding the model photo, EBIN does not plead *any* facts regarding where and how it has used the photo—let alone whether it has used the photo to such an extent that consumers associate the photo exclusively with EBIN as a trademark.[6]  *See Ford Motor*, 930 F.2d at 292. Regarding the "feature list," EBIN does not plead any trademark rights in generic terms like "For Wig & Ponytail" or "No Flaking"—nor can it.  Generic terms are never protectable as trademarks.  *Landscape Forms, Inc.*, 113 F.3d at 380.  Finally, EBIN cannot own exclusive rights to use of the ® trademark registration symbol.

Thus, EBIN cannot plead trademark rights in the allegedly copied elements of "EBIN's Advertisement."   Count Four is merely another example of EBIN attempting to protect the unprotectable, without regard to the Lanham Act's concern for protecting competition.  *Rose Art Industries*, 235 F.3d at 172.  Accordingly, Count Four must be dismissed.

---

[6] EBIN does not claim to own the copyright in the model photo, which is presumably why it chose to frame the issue under § 1125(a) of the Lanham Act, rather than under the Copyright Act, 17 U.S.C. § 101 *et seq*.  EBIN's attempted § 1125(a) claim, however, is futile.  Indeed, as noted *supra*, the photo appears on various third-party websites—not as a unique source identifier for EBIN.

## <u>CONCLUSION</u>

Plaintiff's strategy of intimidating competitors and overrunning them with legal costs should not be permitted to continue.  Instead, the Court should, consistent with the Lanham Act, construe the complaint in the light of "strong federal policy in favor of vigorously competitive markets."  *Landscape Forms, Inc.*, 113 F.3d at 379. Goiple respectfully submits that the best way to carry out this policy is for the Court to dismiss Counts Three, Four, Six, and Eight of Plaintiff's Complaint, at which point the parties can engage in limited and efficient discovery as to the remaining claims.

Dated:   November 29, 2023
New York, New York

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/ Michael M. Rosensaft*
Michael M. Rosensaft
Michael Justus (*PHV forthcoming*)

50 Rockefeller Plaza
New York, NY 10020-1605
T: (212) 940-8800
F: (212) 940-8776
michael.rosensaft@katten.com
michael.justus@katten.com